IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

JUAN CARLOS MERINO-HERNANDEZ

*
*
*
*
*
*

CRIMINAL NO.:   WDQ-14-0157

* * * * * * * * * * * * *

MEMORANDUM OPINION

Juan Carlos Merino-Hernandez was charged with illegal
reentry and other crimes.[1]  Pending is the Defendant's motion to
dismiss Count One of the superseding indictment, charging
illegal reentry of an alien after a felony conviction.  ECF No.
15.  A hearing was held on August 5, 2014.  For the following
reasons, the Defendant's motion will be granted.

I.     Background

    A.     Facts

Merino-Hernandez was born in Mexico and is a Mexican
citizen.  ECF No. 15 at 2.  On July 29, 2011, he pled guilty to
second degree assault and driving without a license in the
Maryland District Court for Anne Arundel County.  *Id.*  He was

---

[1] Merino-Hernandez was charged in a five count superseding
indictment with illegal reentry after a felony conviction (Count
One); identity theft (Count Two); false representation of U.S.
citizenship (Count Three); fraud and misuse of immigration
document (Count Four); and misuse of social security number
(Count Five).  *See* ECF No. 12.

sentenced to a term of imprisonment of five years, of which four years and six months was suspended. *Id.* at 2-3.

On September 8, 2011, a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent") was issued to the Defendant. ECF No. 15-3. The Notice of Intent states that "you are amenable to administrative removal proceedings." *Id.* The Notice of Intent also states: "You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)(f) of the Act, 8 U.S.C. 1101(a)(43)(f)." *Id.* The Notice of Intent includes a section regarding "Your Rights and Responsibilities," advising that the Defendant has the right to be represented by counsel, and that he "must respond to the above charges in writing to the Department address provided on the other side of this form within 10 calendar days of service of this notice (or 13 calendar days if service is by mail)." *Id.*

The Notice of Intent also provided that, in his response, the Defendant may: "request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); [or] request an opportunity to review the government's evidence." *Id.* The Notice of Intent advises that the Defendant has the right to remain in the U.S. for 14 calendar

days to file a petition for review of this order in the appropriate U.S. Circuit Court of Appeals. *Id.*

At the bottom of the Notice of Intent, Merino-Hernandez checked the box stating that:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to request withholding or deferral of removal. I wish to be removed to Mexico.

ECF No. 15-3 at 2. The Defendant also checked the box stating that: "I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right." *Id.* The Defendant signed and dated the form. *Id.*

Merino-Hernandez testified that in 2011 he spoke very little English. *See* ECF No. 23-1 at 10:9-11.[2] He testified that during the meeting with immigration agents in which they reviewed the Notice of Intent, the agents did not translate the Notice of Intent *in toto*, but that a Spanish-speaking agent explained some things to him. *See id.* at 10:23-25; ECF No. 22 at 4.[3] The Defendant also testified that he signed next to

---

[2] A copy of the hearing transcript was attached as Def. Ex. 1. *See* ECF No. 23-1.

[3] Immigration and Customs Enforcement ("ICE") does not have "in-house" interpreters in Maryland, but instead call a "language line" provided by the Department of Homeland Security for

certain 'x' notations as directed by the immigration agent.  ECF No. 23-1 at 21:20-22:18.  The Notice of Intent contains a box checked by the interpreter stating that "I explained and/or served this Notice of Intent to the alien in the English/Spanish language."  ECF No. 15-3 at 2.

B.    Procedural History

On April 2, 2014, the grand jury indicted Merino-Hernandez for illegally reentering the United States after a felony conviction, in violation of 8 U.S.C. § 1326(a).  ECF No. 1.  On June 18, 2014, a superseding indictment charged the Defendant with illegal reentry as Count One, and four other charges.  ECF No. 12.  On June 19, 2014, the Defendant moved to dismiss Count One of the superseding indictment.  ECF No. 15.  On July 2, 2014, the Government opposed the motion.  ECF No. 16.  On July 9, 2014, the Defendant replied.  ECF No. 17.  The Court held a hearing on August 5, 2014.  ECF No. 20.

---

assistance.  ECF No. 23-1 at 26:7-11.  At the August 5, 2014 hearing, a deportation officer from ICE testified that "language-line" interpreters do not translate the Notice line-by-line but only portions of the conversation.  *Id*. at 28.  The Defendant testified that the language-line interpreter joined the conversation near the end to confirm that he wanted to be deported to Mexico.  *Id*. at 20.

II.  Analysis

A.  Legal Standard

In a criminal proceeding under 8 U.S.C. § 1326, an alien may collaterally attack the underlying deportation order if he demonstrates that: (1) "the alien exhausted any administrative remedies that may have been available to seek relief against the order;" (2) "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d).  Though the Defendant must show that the aforementioned requirements are met, *see United States v. Ortiz*, 488 Fed. App'x 717, 717-18 (4th Cir. 2012) (unpublished), the government bears the burden of proving an alien's valid waiver of their rights under the first two prongs, *see United States v. Reyes-Bonilla*, 617 F.3d 1036, 1043 (9th Cir. 2012).

B.  The Defendant's Motion to Dismiss Count One

The Government argues that Merino-Hernandez waived his right to contest his removal, thereby waiving his opportunity for judicial review and failing to exhaust his administrative remedies.  *See* ECF No. 16 at 5, 8.  The Defendant contends that he exhausted his administrative remedies because none was available to him, and his waiver was not knowing and voluntary. *See* ECF No. 17 at 4-7.  The Defendant also argues that the order

5

was fundamentally unfair because he had not committed an
aggravated felony and did not have any available administrative
remedies to challenge the legal determination that his
conviction qualified as an aggravated felony.  *See* ECF No. 15 at
6-8.

    The Attorney General may institute expedited administrative
removal proceedings against an alien who has been convicted of
an aggravated felony.  *See* 8 U.S.C. § 1228(a)(3)(A).  The
regulations require that the alien be served with a Notice of
Intent that advises him of the basis of the charges and informs
him of the opportunity to rebut the charges within ten days.
*See* 8 C.F.R. § 238.1(b)(2)(i).  In his response, an alien may
"designate his or her choice of country for removal; submit a
written response rebutting the allegations supporting the charge
and/or requesting the opportunity to review the Government's
evidence;" request withholding of removal; and/or request that
an extension of time be granted.  8 C.F.R. § 238.1(c)(1).  If an
alien chooses to rebut the allegations in the Notice of Intent,
his response "must indicate which finding(s) are being
challenged and should be accompanied by affidavit(s),
documentary information, or other specific evidence supporting
the challenge."  8 C.F.R. § 238.1(c)(2)(i).  An alien who does

not respond to the Notice of Intent fails to exhaust his administrative remedies.[4]

Here, the Notice of Intent that Merino-Hernandez received stated that he was subject to expedited removal proceedings because he had been convicted of an aggravated felony. *See* ECF No. 15-3 at 1. The Notice of Intent charged that he had been convicted of second degree assault in the Anne Arundel County District Court on July 29, 2011. *Id.* The Notice of Intent informed the Defendant about his right to respond within ten days. *Id.* Merino-Hernandez did not respond to the Notice of Intent, and signed the waiver on page two of the Notice of Intent. *See* ECF No. 15-3 at 2. The Defendant argues, however, that he did not have access to administrative remedies because the procedures only allow for evidentiary challenges; thus he was unable to challenge the legal determination that he had been

---

[4] *See, e.g., Lubowa v. U.S. Attorney Gen.*, 315 F. App'x 123, 125 (11th Cir. 2008) (defendant failed to exhaust his administrative remedies to challenge whether he had been convicted of an aggravated felony when he did not respond to the notice of intent); *Bustillos-Sosa v. Holder*, 384 F. App'x 714, 716 (10th Cir. 2010) (defendant failed to exhaust administrative remedies when she had the opportunity to raise her claim that her conviction did not qualify as an aggravated felony, but instead admitted the notice of intent's allegations); *Edward v. Attorney Gen. of U.S.*, 165 F. App'x 136, 137-38 (3d Cir. 2006) (defendant failed to exhaust administrative remedies when he had the opportunity to rebut charges by responding to the notice, but waived that opportunity); *Gonzalez v. Chertoff*, 454 F.3d 813, 816 (8th Cir. 2006) (failure to exhaust administrative remedies by not responding to notice of intent).

convicted of an aggravated felony. *See* ECF No. 15 at 8.  The Defendant relies on *Valdiviez-Hernandez v. Holder*, 739 F.3d 184 (5th Cir. 2013).

In that case, the defendant argued on judicial review of an administrative proceeding that he was not subject to removal because he was not an alien "admitted" to the United States. *See Valdiviez-Hernandez*, 739 F.3d at 187.  The Court held that the defendant did not have an administrative avenue to challenge the legal determination that he was an alien subject to expedited removal on that basis. *See id*.

In contrast, other Courts have held that aliens failed to exhaust their administrative remedies when they did not challenge the determination whether they had been convicted of an aggravated felony by responding to the Notice of Intent. *See Lubowa*, 315 F. App'x at 125; *Bustillos-Sosa*, 384 F. App'x at 716.  The Court finds this approach to be persuasive.  Although the regulations governing the review of an alien's removal focus on the existence of genuine disputes of fact, the language does not preclude review of an argument rebutting the legal conclusion that the Defendant had been convicted of an aggravated felony.[5]  Accordingly, Merino-Hernandez had access to administrative remedies and failed to exhaust them.

---

[5] *See* 8 C.F.R. § 238.1(c)(1) (alien may respond to the Notice of Intent by "rebutting the allegations supporting the charge

The inquiry does not end there.  "[T]he exhaustion requirement of § 1326(d)(1) must be excused where an alien's failure to exhaust results from an invalid waiver of the right to an administrative appeal." *U.S. v. Ortiz*, 488 F. App'x at 718 (internal quotation marks and citations omitted).  A valid waiver of an alien's rights must be knowing and intelligent.[6] The government bears the burden of showing that an alien's waiver of his rights is knowing and intelligent.  *See Narine v. Holder*, 559 F.3d 246, 249-50 (4th Cir. 2009).[7]

Here, the Defendant asserts that--in September 2011--he understood very little English and the Notice of Intent was not fully translated for him.  *See* ECF Nos. 23-1 at 10:9-25; 18-1. The regulations require that the alien be provided with either a

---

and/or requesting the opportunity to review the Government's evidence"); 8 C.F.R. § 238.1(d)(2)(i) (a rebuttal is insufficient if the deciding officer finds that deportability is established by clear, convincing, and unequivocal evidence in the record of the proceeding).

[6] *See, e.g., Richardson v. U.S.*, 558 F.3d 216, 219-20 (3d Cir. 2009) ("An alien validly waives his rights associated with a deportation proceeding only if he does so voluntarily and intelligently."); *U.S. v. Sosa*, 387 F.3d 131, 136 (2d Cir. 2004) ("In this case, the administrative exhaustion requirement is excused because Sosa's waiver of his right to administrative appeal was not knowing and intelligent.").

[7] *See also Reyes-Bonilla*, 617 F.3d at 1043 ("The government bears the burden of proving valid waiver in a collateral attack of the underlying removal proceedings, and it must do so by clear and convincing evidence.") (internal citation and quotation marks omitted).

written translation of the Notice of Intent or an explanation of its contents in the alien's native language or in a language that the alien understands. *See* 8 C.F.R. § 238.1(b)(2)(v). The only indication that the Defendant was adequately advised of his rights and the content of the notice in Spanish is the printed notation on the Notice of Intent that it had been "explained and/or served in . . . the English/Spanish language." *See* ECF No. 15-3 at 2.[8] Although the Defendant testified that some things were explained in Spanish, *see* ECF No. 23-1 at 16:21-23, the Defendant also contends that the sections that he signed at the immigration agent's direction had not been translated for him, *see* ECF Nos. 22 at 4; 18-1 at 1.

Based on this uncontradicted evidence, the Defendant's waiver was not knowing and voluntary.[9] Because the Defendant's waiver of his administrative remedies is invalid, the exhaustion requirement of § 1326(d)(1) is excused. *See, e.g., Ortiz*, 488 F. App'x at 718. Similarly, because the Defendant was not

---

[8] The government contends that the Defendant knowingly waived his right to challenge his removal. *See* ECF No. 22 at 6. It bears noting, however, that in the government's cross-examination of Merino-Hernandez, the government referred to the waiver language in the Notice of Intent but did not ask the Defendant whether that specific portion had been translated for him. *See* ECF No. 23-1 at 18:1-9.

[9] *Cf. Reyes-Bonilla*, 617 F.3d at 1044 (waiver not valid when there was no evidence beyond the "explained and/or served in Spanish" notation that officers explained the notice in a language the defendant understood).

properly advised of his rights, he was deprived of the

opportunity for judicial review.[10]

The final requirement to successfully challenge a removal

proceeding under 8 U.S.C. § 1326 is fundamental unfairness.  To

demonstrate fundamental unfairness, a defendant must show: "(1)

his due process rights were violated by defects in the

underlying deportation proceeding; and (2) he suffered prejudice

as a result of the defects." *U.S. v. Cisneros-Garcia*, 159 F.

App'x 464, 467 (4th Cir. 2005) (unpublished).  Prejudice

requires a reasonable likelihood that the Defendant would not

have been deported but for the defects. *See id.*

Here, the Defendant was not removable on the basis of a

conviction for an aggravated felony. *See* ECF No. 15-4.  An

"aggravated felony" is a crime of violence for which the term of

imprisonment is at least one year. *See* 8 U.S.C.

§ 1101(a)(43)(f).  A "crime of violence" requires "the use,

attempted use, or threatened use of physical force," or a felony

"that, by its nature, involves a substantial risk that physical

forces . . . may be used." 18 U.S.C. § 16.  As the Fourth

Circuit has since made clear, Maryland's second degree assault

statute reaches any unlawful touching (violent or nonviolent) or

---

[10] *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987)
(defendants were deprived of judicial review of their
deportation proceeding when their waivers of their rights were
not considered or intelligent).

threat of touching; therefore, a conviction under the statute cannot categorically be considered a violent felony. *See United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2013).

Even under the modified categorical approach in use when the Defendant was removed, Maryland second degree assault was a violent felony only if the government could produce acceptable, judicial records to establish that. *See U.S. v. Alston*, 611 F.3d 219, 224-25 (2010).[11] The government has produced no evidence that Merino-Hernandez's second degree assault conviction was an aggravated felony; accordingly, the government has not established that he was deportable as charged in the final removal order.

The Defendant must also demonstrate prejudice to prove fundamental unfairness. *See, e.g., Cisneros-Garcia*, 159 F. App'x at 467. The Defendant argues that he suffered prejudice because it is reasonably likely that he was eligible for voluntary departure rather than removal. *See* ECF No. 15 at 7. Under 8 C.F.R. § 1240.26, an immigration judge may grant voluntary departure before the completion of removal proceedings if the alien: (1) seeks voluntary departure at or before the first master calendar hearing before an immigration judge; (2)

---

[11] The Government has not provided such records, but rather asserts that "these were possible arguments the Defendant could have made at the time of his removal but should not be able to now on collateral attack at this posture." ECF No. 16 at 10.

makes no additional requests for relief; (3) concedes
removability; (4) waives appeal of all issues; and (5) has not
been convicted of an aggravated felony or deportable for
national security issues. *See* 8 C.F.R. § 1240.26(b)(1). The
Defendant would have been eligible for voluntary departure if
his conviction had not been considered an aggravated felony.[12]
Accordingly, the Defendant has demonstrated prejudice.

III. Conclusion

For the reasons stated above, the Defendant's motion to
dismiss Count One of the superseding indictment will be granted.

_____9/3/14_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[12] The Government argues that the Defendant would have been
ineligible for voluntary departure based on the "good moral
character" requirement; this assumes that the Defendant would
have sought voluntary departure at the conclusion of removal
proceedings. *See* ECF No. 16 at 10-11; 8 C.F.R. § 1240.26(c).
However, there is no showing that the Defendant--with a properly
explained understanding of his rights--would not have sought
voluntary removal at or before his first master calendar
hearing.